STATE v. C. D. BUTNER.

*Charge to Jury — Manner of.*

In a charge to a jury, where there is no allegation that the emphasis, tone or manner of the Judge impressed his words with any other than their recognized signification ; *Held*, not to be error.

INDICTMENT, for Fornication and Adultery, tried at Fall Term, 1876, of YADKIN Superior Court, before *Kerr, J.*

The facts in the case and the exception to His Honor's charge to the jury, are sufficiently stated in the opinion of

this Court. There was a verdict of guilty and judgment, from which the defendant appealed.

*Attorney General*, for the State.
*Mr. J. M. McCorkle*, for defendant.

READE, J. The defendant and a woman were indicted for fornication and adultery ; and there was evidence, that in a playful scuffle between them, in the presence of the defendant's wife and others, the woman fell or was pulled into the lap of the defendant. And the Solicitor for the State insisted in his argument to the jury, that such familiarity was evidence of guilt ; and indeed, that the impropriety was so great, that if it had been in refined society and the female had had a proper "avenger," it would have put the defendant's life in jeopardy. To this the defendant's counsel replied, that while that might be so in high life, yet such acts of familiarity were common in that section among plain people, such as the defendants were, and that they were regarded as "innocent sport." That is what we understand the counsel said, substantially.

After reciting what the counsel on both sides had said as above, His Honor said to the jury, " It is for you, gentlemen of the jury, to say if such acts are usual here."

The defendant insists that thereby His Honor intimated to the jury his opinion upon the facts, in violation of the statute of 1796.

Now we can conceive how, by emphasis, tone and manner, His Honor might have expressed his indignation and horror at what was said by the defendant's counsel and his strong sympathy with what was said by the Solicitor, by the language which he used, just as well as if he had said, " It is for you to say, gentlemen of the jury, whether it is possible for such acts of familiarity to be usual among any virtuous

people, and whether they are not the clearest proof of the guilt of the defendant."

But there is no allegation that there was anything in His Honor's emphasis, tone or manner to impress upon his words any other than their recognized signification. And it is certainly not our duty or our pleasure, by a strained construction of his language, to put His Honor in fault.

There is no error. This will be certified, &c.

PER CURIAM.                                    Judgment affirmed.